UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD ALLEN, II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEATHAM COUNTY JAIL, )<br>)<br>Defendant. ) | No. 3:08mc0038<br>**JUDGE HAYNES** |

## ORDER

Plaintiff, a prisoner in the Montgomery County Jail in Clarksville, Tennessee, brings this action under 42 U.S.C. § 1983. Plaintiff has submitted an application to proceed *in forma pauperis*. (Docket Entry No. 2)

Plaintiff's application to proceed *in forma pauperis* is defective for the following reasons. First, the application does not bear the signature of the custodian of his inmate trust fund account, nor is it notarized by a licensed notary public. Second, Plaintiff has not provided "a certified copy of [his inmate] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of [his] complaint . . . ." as required by 28 U.S.C.§ 1915(a)(2).

The Clerk is **DIRECTED** to make a copy of Plaintiff's application to proceed *in forma pauperis* for the record, and return the original application to Plaintiff along with a copy of the district court's Administrative Order No. 93. Plaintiff, in turn, is directed either to pay the three hundred fifty dollar ($350.00 filing fee, or return his properly signed and notarized application to the district court, within thirty (30) days of the date of entry of this Order.

The Court notes that Plaintiff has written the following statement on the last page of his application: "I HAVE TRIED TO GET SOMEONE TO VERIFY THIS AND GOT NO RESPONSE!" If the staff at the Montgomery County Jail refuses to complete the certification as the Court has ordered, then Plaintiff is directed to provide the Court with a written statement giving the

name(s) of the staff member(s) to whom he made his request, when he made the request, the substance of his request, and the details of the response to his request. Plaintiff shall conclude his statement as follows: "Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct." Plaintiff shall then sign and date the statement.

In addition to the foregoing, Plaintiff is directed to submit to the Clerk a certified copy of his inmate trust fund account for the six-month period immediately preceding the date that this Order is entered. Plaintiff shall submit the certified copy of his six-month statement within the same 30 days specific above.

Plaintiff is forewarned that, if he fails to pay the $350.00 filing fee, or to resubmit his application to proceed *in forma pauperis*, within the 30-day time frame specified, "the district court must presume that [he] is not a pauper . . . assess the . . . full amount of fees . . . [and] . . . order the case dismissed for want of prosecution." *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). "If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of the filing fees." *Id*. An extension of time to pay the $350.00 filing fee, or to resubmit a properly completed application to proceed *in forma pauperis*, may be requested from this Court if the request is filed within thirty (30) days of the date of entry of this Order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superceded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED**.

ENTERED this the ___19th___ day of February, 2008.

William J. Haynes, Jr.
United States District Judge